## Commonwealth v. Talierco

*John Basil Talierco*, p.p.

*Theodore A. Parker*, Assistant District Attorney, contra.

JOHNSTONE, J., October 21, 1966.—Defendant, John Basil Talierco, was charged by Trooper Robert M. Foley before Justice of the Peace W. Claude Beam, of Brecknock Township, Lancaster County, Pa., with having, on November 19, 1965, at 2:00 P. M., violated section 1002(b)(7) of The Vehicle Code of April 29, 1959, P. L. 58. Notice of the filing of the information was mailed to defendant by certified mail on the same day the information was filed. After requesting a hearing, but before a hearing was held, defendant waived a hearing and posted bail for appearance in this court.

Defendant, who is an attorney at law representing himself, filed his motion to quash the information

based on the fact that he is a captain in the Pennsylvania Air National Guard and that, at the time of the alleged offense, he was enroute to the Olmstead Air Force Base at Middletown, Pa., for military duty. As an officer in the military service, he claims exemption from arrest while going to, remaining at, or returning from a place where he is ordered to attend for military duty. On the basis of this exemption, he asks that the information in this case be quashed.

A stipulation has been filed of record in which defendant and the District Attorney have stipulated that on November 19, 1965, at 2:00 P.M., defendant was operating his automobile west on the Pennsylvania Turnpike in Caernarvon Township at a speed of 78 miles per hour in a zone restricted to 65 miles per hour. It is further stipulated that defendant was proceeding from Downingtown, Pa., to the Olmstead Air Force Base pursuant to military orders for flight training with the Pennsylvania Air National Guard and that his military duty began at 1:00 P.M. on November 19, 1965, and terminated at 4:00 P.M. on November 20, 1965.

The Act of May 27, 1949, P. L. 1903, sec. 841, 51 PS §1-841, provides: "No officer or enlisted man shall be arrested on any warrant, except for treason or felony, while going to, remaining at, or returning from, a place where he is ordered to attend for military duty". Does this provision of The Military Code of 1949 grant immunity to servicemen going to or from a place of military duty from prosecution for violation of the provisions of The Vehicle Code? May a serviceman while going to or returning from a place of military duty ignore a stop sign or a traffic light with complete immunity? May he pass another car at the crest of a hill or while rounding a curve in the road? May he drive while under the influence of an intoxicating beverage or a habit forming drug? May he with immunity

drive away from the scene of an accident where serious injury has been done to persons and damage to property? The answer to these questions could not conceivably be "Yes".

What defendant, in effect, is saying here is that because he was on his way to a place of military duty, he could drive his car in any way that he saw fit, and no one has the right, duty or authority to stop him. In these days of prodigious military activity, with thousands of servicemen constantly on the move either to or from their bases of duty, such a rule of law could and likely would produce even greater slaughter on our highways. We are convinced that the legislature intended no such result and that defendant's position is not only unsound, but highly dangerous.

The prohibition in The Military Code is against the arrest of a serviceman "on any warrant". There was no warrant involved in this case and, in our opinion, there was no arrest. In Commonwealth v. Bosurgi, 411 Pa. 56, the Supreme Court stated at page 68: "An arrest may be accomplished by 'any act that indicates an intention to take (a person) into custody and that subjects him to the actual control and will of the person making the arrest:' 5 Am. Jur. 2d, Arrest, §1, p. 695". There is no indication in this case that the State trooper even stopped defendant, but even if he did, defendant was not "completely in the custody of and under the control of the police officer".

It is true defendant was subsequently prosecuted for violating the speed law under the provisions of The Vehicle Code, but he was not arrested at the time the offense was committed under the ruling of Commonwealth v. Bosurgi, supra. If defendant had been taken into custody and immediately taken before the justice of the peace and charged with the alleged offense, then it could be said authoritatively that he had been arrested. This was not done and, therefore, defendant's

immunity from "arrest on any warrant" was not violated. Under the facts in this case, it is not necessary for us to decide whether the State trooper could have arrested defendant on view. We are merely deciding that defendant was not arrested, either on a warrant or on view, while on his way to military duty.

The Vehicle Code of 1959, 75 PS §1214, declares State policemen to be peace officers and authorizes them to arrest on view, when in uniform, any person violating any of the provisions of the code. When such an arrest on view is made, the officer is directed to take defendant forthwith to the nearest available magistrate. In the present case, the trooper elected to proceed by information under section 1201 and did not make an arrest on view. No arrest having been made, there was no violation of defendant's immunity under The Military Code. It follows that a serviceman on his way to or from his base is subject to the provisions of The Vehicle Code and is liable to prosecution for the violation of any of these provisions.

In Commonwealth v. Weber, 30 D. & C. 2d 287, and Commonwealth v. Matthews, 34 D. & C. 2d 479, Judge Kreisher, of Columbia County, reaches a contrary conclusion to the one we have reached on circumstances almost identical with those in the present case. In both of those cases, Judge Kreisher stated that no emergency existed and that military personnel should observe the same highway rules of safety as civilians. However, he concluded that the exemption contained in The Military Code was so broad and general that he was forced to dismiss the charges against both defendants.

In our view, the exemption is intended to prevent the interruption of a military man in the performance of his duty by arrest for a minor statutory offense. In the present case, there was no interference with defendant in the performance of his duty because no arrest was

made. Since Judge Kreisher did not consider or discuss the question of whether or not the defendants in the two cases he decided were arrested, we must respectfully disagree with his conclusion. We have endeavored to give full meaning to the provisions of The Military Code and The Vehicle Code, and we find nothing repugnant between them.

We are satisfied that if the legislature had intended military men to be free from prosecution for misdemeanors and summary offenses, it would have so stated in no uncertain terms.

And now, October 21, 1966, defendant's motion to quash the information is denied and, on the basis of the stipulation filed in this case, defendant is found guilty of the offense of speeding and is directed to appear for sentence at the call of the District Attorney.